IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ERENDIDA FRANCO-HERNANDEZ, | ) | |
| YADIRA GARCIA-MARTINEZ, | ) | |
| ESMERALDA PONCERUBIO, | ) | |
| ANTONIA REYES-VELEZ, IDALIA | ) | |
| RODRIGUEZ-CONTRERAS and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 7:14-CV-62(HL) |
| | ) | |
| SOUTHERN VALLEY FRUIT & | ) | |
| VEGETABLE, INC.; HAMILTON | ) | |
| GROWERS, INC.; KENT HAMILTON; | ) | |
| HAMILTON FARMS MEX, L.P.; | ) | |
| HAMILTON PRODUCE, L.P.; KENDA | ) | |
| PROPERTIES, L.P.; WK HOLDINGS, | ) | |
| LLC; WK MEX PROPERTIES, L.P.; and | ) | |
| WKW, LLC, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

COME NOW Southern Valley Fruit & Vegetable, Inc.; Hamilton Growers, Inc.; Kent Hamilton; Hamilton Farms Mex, L.P.; Hamilton Produce, L.P.; Kenda Properties, L.P.; WK Holdings, LLC; WK Mex Properties, L.P.; and WKW, LLC, Defendants in the above-styled action, by and through counsel, and file this, their Answer to Plaintiffs' Second Amended Complaint [Doc. 60], as follows:

## FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of the Plaintiffs have not incurred damages.

## THIRD DEFENSE

Some or all of the Plaintiffs have been fully compensated for all hours worked in compliance with the FLSA and H-2A visa program.

## FOURTH DEFENSE

Any violation by Defendants was neither knowing nor willful.

## FIFTH DEFENSE

Some or all of the Plaintiffs have been fully compensated for the hours worked and fully reimbursed for reimbursable expenses in accordance with all applicable laws.

## SIXTH DEFENSE

To the extent that Plaintiffs seek any liability prior to two (2) years before the filing of this Complaint or any opt-in consent, whichever is later, the statute of limitations has run and bars such claims.

## SEVENTH DEFENSE

Defendants acts or omissions were taken in good faith and with reasonable grounds to believe that such acts or omissions were in compliance with the FLSA.

## EIGHTH DEFENSE

Plaintiffs do not have privity in contract with any Defendant except Hamilton Growers, Inc.

## NINTH DEFENSE

Any expenditures incurred in Mexico prior to the Plaintiffs' first workweek with Defendant Hamilton Growers, Inc. are exempt from the provisions of the FLSA pursuant to 29 U.S.C. § 213(f).

## TENTH DEFENSE

Defendants Southern Valley Fruit & Vegetable, Inc., Kent Hamilton, Hamilton Farms Mex, L.P. Hamilton Produce, L.P.; Kenda Properties, L.P.; WK Holdings, LLC; WK Mex Properties, L.P.; and WKW, LLC were not Plaintiffs or opt-in Plaintiffs employer, and are not proper Defendants.

## ELEVENTH DEFENSE

Some or all of the Plaintiffs were exempt from overtime pursuant to the FLSA's agricultural exemption.

## TWELFTH DEFENSE

All of the opt-in Plaintiffs are barred from participating in Counts II and III of the Complaint because these claims are not proper for collective adjudication and because Plaintiffs have not moved to certify a class or collective action as to these claims.

## THIRTEENTH DEFENSE

To the extent that any opt-in Plaintiffs attempt to participate in claims under Counts II and III, this Courts lack jurisdiction over those claims.

## FOURTEENTH DEFENSE

Some of Plaintiffs' claims are barred because they are not employees under the Fair Labor Standards Act.

## FIFTEENTH DEFENSE

The Defendants reserve the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

## SIXTEENTH DEFENSE

For answer to the respective paragraphs of the Complaint, Defendants show as follows:

## I.  PRELIMINARY STATEMENT

1.      Paragraph 1 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part.  It is admitted that Plaintiffs were agricultural workers recruited by Defendant Hamilton Growers, Inc. in 2011, 2012, and 2013 to work at Defendant Hamilton Growers, Inc.'s operations in and around Colquitt and Cook Counties, Georgia.   It is admitted that Plaintiffs purport to file this action on behalf of themselves and other similarly-situated workers to secure and vindicate their

rights under the Fair Labor Standards Act ("FLSA") and under Georgia contract law.  It is denied that Plaintiffs' claims have merit, or they are entitled to any relief whatsoever. All other allegations contained in Paragraph 1 are denied.

2.      Paragraph 2 of Plaintiffs' Second Amended Complaint is denied in its entirety. It is specifically denied that any alleged violations were either knowing or willful.

3.      Paragraph 3 of Plaintiffs' Second Amended Complaint is denied.

4.      Paragraph 4 of Plaintiffs' Second Amended Complaint is denied.   It is specifically denied that Plaintiffs are entitled to any monetary relief or attorneys' fees whatsoever.

## II.   JURISDICTION AND VENUE

5.      Paragraph 5 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that this Court has jurisdiction over this type of action pursuant to State and Federal law. It is denied that Plaintiffs' claims have merit, that they are entitled to any relief whatsoever under State or Federal law and that this Court has jurisdiction over any opt-in Plaintiffs with respect to Counts II and/or III of the Second Amended Complaint.

6.      Paragraph 6 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that this Court has supplemental jurisdiction over state law claims related to federal FLSA claims. It is denied that Plaintiffs'

claims have merit, or that they are entitled to any relief whatsoever under State or Federal law, and that this Court should assert supplemental jurisdiction over such claims, and that this Court has jurisdiction over any opt-in Plaintiffs with respect to Counts II and/or III of the Second Amended Complaint.

7. Paragraph 7 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and M.D. Ga. Local Rule 3.4 because a substantial part of Plaintiffs' purported claims arose in the Middle District of Georgia and because some Defendants reside in that district. It is denied that Plaintiffs' claims have merit, or that they are entitled to any relief whatsoever under State or Federal law.

### III. PARTIES

8. Paragraph 8 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiffs Erendida Franco-Hernandez and Idalia Rodriguez-Contreras worked for Defendant Hamilton Growers, Inc. in the 2012 and 2013 seasons. All other allegations are denied.

9. Paragraph 9 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. Plaintiff Esmeralda Ponce-Rubio worked for Defendant Hamilton Growers, Inc. in the 2011 and 2012 seasons. All other allegations are denied.

10.     Paragraph 10 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiff Antonia Reyes-Velez purports to have worked for Defendant Hamilton Growers, Inc. in the 2011 and 2013 seasons. All other allegations are denied.

11.     Paragraph 11 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiff Yadira Garcia-Martinez worked for Defendant Hamilton Growers, Inc. in the 2012 season. All other allegations are denied.

12.     Paragraph 12 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that opt-in Plaintiffs Fidel Avila-Perez, Julian Badillo-Morales, Aracely Martinez-Martinez, Zenobio Mata-Chavez, Ana Leticia Ponce-Rubio and Genaro Porfirio-Martinez worked for Defendant Hamilton Growers, Inc. in the 2012 season. All other allegations are denied.

13.     Paragraph 13 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that opt-in Plaintiffs Eloy Acosta-Hernandez, Ernestino Martinez-Hernandez, Reyna Porfirio-Santiago, Isaac Mendoza-Martinez and Ciriaco Morales-Espinoza worked for Defendant Hamilton Growers, Inc. in the 2013 season. All other allegations are denied.

14.     Paragraph 14 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. Defendants deny that others were similarly situated. All other allegations are admitted.

15.     Paragraph 15 of Plaintiffs' Second Amended Complaint is admitted.

16.     Paragraph 16 of Plaintiffs' Second Amended Complaint is admitted.

17.     Paragraph 17 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part.  It is admitted that Kent Hamilton is the Chief Executive Officer of Southern Valley and he is a member of the named LLC, and that he may be personally served with process at 2775 Ellenton-Norman Park Road, Norman Park, Georgia 31771-5036.

18.     Paragraph 18 of Second Plaintiffs' Amended Complaint is denied.

19.     Paragraph 19 of Plaintiffs' Second Amended Complaint is denied.

20.     Paragraph 20 of Plaintiffs' Second Amended Complaint is denied.

21.     Paragraph 21 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiffs worked for Defendant Hamilton Growers, Inc. All other allegations contained in Paragraph 21 of Plaintiffs' Second Amended Complaint are denied.

22.     Paragraph 22 of Plaintiffs' Second Amended Complaint is denied.

23.     Paragraph 23 of Plaintiffs' Second Amended Complaint is admitted.

24.     Paragraph 24 of Plaintiffs' Second Amended Complaint is admitted.

25.     Paragraph 25 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. Defendants deny that Hamilton Farms Mex is a legal entity and deny that Wanda Hamilton-Tyler and Kent Hamilton are limited partners. It is admitted that the other listed companies are limited partnerships and the general partner is WK Holdings.

26.     Paragraph 26 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that the Limited Liability Companies are partially owned by the two identified trusts. All other allegations are denied.

27.     Paragraph 27 of Plaintiffs' Second Amended Complaint is denied.

28.     Paragraph 28 of Plaintiffs' Second Amended Complaint is admitted.

29.     Paragraph 29 of Plaintiffs' Second Amended Complaint is denied.

30.     Paragraph 30 of Plaintiffs' Second Amended Complaint is denied in part and admitted in part. It is denied that Hamilton Growers and Southern Valley have the same shareholders, Wanda Hamilton-Tyler and Kent Hamilton. The other allegations are admitted.

31.     Paragraph 31 of Plaintiffs' Second Amended Complaint is admitted.

32.     Paragraph 32 of Plaintiffs' Second Amended Complaint is denied.

33.     Paragraph 33 of Plaintiffs' Second Amended Complaint is admitted.

34.     Paragraph 34 of Plaintiffs' Second Amended Complaint is denied.

35.     Paragraph 35 of Plaintiffs' Second Amended Complaint is denied.

36.     Paragraph 36 of Plaintiffs' Second Amended Complaint is admitted.

37.     Paragraph 37 of Plaintiffs' Second Amended Complaint is denied.

38.     Paragraph 38 of Plaintiffs' Second Amended Complaint is denied.

39.     Paragraph 39 of Plaintiffs' Second Amended Complaint is denied.

40.     Paragraph 40 of Plaintiffs' Second Amended Complaint is admitted.

41.     Paragraph 41 of Plaintiffs' Second Amended Complaint is denied.

42.     Paragraph 42 of Plaintiffs' Second Amended Complaint is denied.

43.     Paragraph 43 of Plaintiffs' Second Amended Complaint is admitted

44.     Paragraph 44 of Plaintiffs' Second Amended Complaint is denied.

45.     Paragraph 45 of Plaintiffs' Second Amended Complaint is denied.

46.     Paragraph 46 of Plaintiffs' Second Amended Complaint is denied.

47.     Paragraph 47 of Plaintiffs' Second Amended Complaint is denied.

48.     Paragraph 48 of Plaintiffs' Second Amended Complaint is denied.

49.     Paragraph 49 of Plaintiffs' Second Amended Complaint is denied.

50.     Paragraph 50 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is denied as to Hamilton Farms Mex and admitted as to the other companies.

51.     Paragraph 51 of Plaintiffs' Second Amended Complaint is denied in part and admitted in part. It is admitted that the Corporate Defendants act together to obtain financing. All other allegations are denied.

52.     Paragraph 52 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. Defendants deny that all Defendants individually had annual gross sales in excess of five hundred thousand dollars ($500,000.00), however, as pled, the Defendants admit that their combined annual gross sales for 2011, 2012 and 2013 was over five hundred thousand dollars ($500,000.00).

53.     Paragraph 53 of Plaintiffs' Second Amended Complaint is denied as pled. The insurance relationship between Hamilton Growers, WKW and Southern Valley and the insuring documents demonstrating any such relationships speak for themselves. Further responding, Defendants show that the documents in the record [Doc. 58] speak for themselves.

54.     Paragraph 54 of Plaintiffs' Second Amended Complaint is admitted.

55.     Paragraph 55 of Plaintiffs' Second Amended Complaint is denied.

56.     Paragraph 56 of Plaintiffs' Second Amended Complaint is denied.

57.     Paragraph 57 of Plaintiffs' Second Amended Complaint is denied.

58.     Paragraph 58 of Plaintiffs' Second Amended Complaint is denied.

59.     Paragraph 59 of Plaintiffs' Second Amended Complaint is denied.

60.     Paragraph 60 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Defendant Hamilton Growers, Inc. employed Plaintiffs and other workers under the terms of the 2011, 2012, and 2013

job orders issued pursuant to the H-2A regulations. All other allegations contained in Paragraph 60 of Plaintiffs' Second Amended Complaint are denied.

61.     Paragraph 61 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Kent Hamilton signed the job orders for Defendant Hamilton Growers, Inc. All other allegations contained in Paragraph 61 of Plaintiffs' Second Amended Complaint are denied.

62.     Paragraph 62 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Defendant Hamilton Growers, Inc. was the employer of Plaintiffs under the FLSA. All other allegations contained in Paragraph 62 of Plaintiffs' Second Amended Complaint are denied.

63.     Paragraph 63 of Plaintiffs' Second Amended Complaint is denied.

## IV.   THE H-2A PROGRAM

64.     Paragraph 64 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Paragraph 64 summarizes key aspects of the H-2A visa program. It is denied that this summary states the law, which may only be ascertained by reference to the statutes and regulations themselves.

65.     Paragraph 65 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Paragraph 65 summarizes key aspects of the H-2A visa program. It is denied that this summary states the law, which may only be ascertained by reference to the statutes and regulations themselves.

66.    Paragraph 66 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Paragraph 66 summarizes key aspects of the H-2A visa program. It is denied that this summary states the law, which may only be ascertained by reference to the statutes and regulations themselves.

67.    Paragraph 67 of Plaintiffs' Second Amended Complaint is admitted.

68.    Paragraph 68 of Plaintiffs' Second Amended Complaint is admitted.

69.    Paragraph 69 of Plaintiffs' Second Amended Complaint is admitted.

70.    Paragraph 70 of Plaintiffs' Second Amended Complaint is admitted.

71.    Paragraph 71 of Plaintiffs' Second Amended Complaint is admitted.

72.    Paragraph 72 of Plaintiffs' Second Amended Complaint is denied.

73.    Paragraph 73 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Paragraph 73 summarizes certain aspects of the Plaintiffs' employment contracts. It is denied that this summary states all terms of the agreements, which may only be ascertained by reference to the documents themselves.

74.    Paragraph 74 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Paragraph 74 summarizes certain aspects of the H-2A visa program. It is denied that this summary states the law, which may only be ascertained by reference to the statutes and regulations themselves.

75.     Defendants' show that the document referenced in paragraph 75 of Plaintiffs' Second Amended Complaint speaks for itself, and therefore, deny the allegations as pled in paragraph 75 of the Second Amended Complaint.

## V.   <u>STATEMENT OF FACTS</u>

76.     Paragraph 76 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Defendant Hamilton Growers, Inc. employed H-2A workers under job order contracts to plant, harvest and pack produce. All other allegations are denied.

77.     Paragraph 77 of Plaintiffs' Second Amended Complaint is admitted.

78.     Paragraph 78 of Plaintiffs' Second Amended Complaint is admitted in part and denied in party. Defendants admit the allegations with respect to Plaintiff E. Ponce Rubio and admit that Plaintiff Reyes-Velez purports to have worked under the terms of the job order attached to the prior amended Complaint. All other allegations are denied.

79.     Paragraph 79 of Plaintiffs' Second Amended Complaint is admitted.

80.     Paragraph 80 of Plaintiffs' Second Amended Complaint is admitted.

81.     Paragraph 81 of Plaintiffs' Second Amended Complaint is admitted.

82.     Paragraph 82 of Plaintiffs' Second Amended Complaint is admitted.

83.     Paragraph 83 of Plaintiffs' Amended Complaint is admitted.

84.     Paragraph 84 of Plaintiffs' Second Amended Complaint is admitted

85.     Paragraph 85 of Plaintiffs' Second Amended Complaint is admitted.

86.     Paragraph 86 of Plaintiffs' Second Amended Complaint is admitted.

87.     Paragraph 87 of Plaintiffs' Second Amended Complaint is admitted.

**Recruitment, Hiring, and Expenses of Plaintiff Workers**

88.     Paragraph 88 of Plaintiffs' Second Amended Complaint is denied.

89.     Paragraph 89 of Plaintiffs' Second Amended Complaint is denied.

90.     Paragraph 90 of Plaintiffs' Second Amended Complaint is denied.

91.     Paragraph 91 of Plaintiffs' Second Amended Complaint is denied.

92.     Paragraph 92 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Defendants did not compensate any recruiters. It is denied that Defendants used or engaged any recruiters. All other allegations in Paragraph 92 of Plaintiffs' Complaint are denied.

93.     Paragraph 93 of Plaintiffs' Second Amended Complaint is denied.

94.     Paragraph 94 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that foreign nationals incur various immigration and travel-related expenses incidental to coming to work in the United States. It is denied that Plaintiffs bore the full economic burden of those expenses. All other allegations contained in Paragraph 94 of Plaintiffs' Second Amended Complaint are denied.

95. Paragraph 95 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that foreign nationals incur various immigration and travel-related expenses incidental to coming to work in the United States. It is denied that Plaintiffs bore the full economic burden of those expenses. All other allegations contained in Paragraph 95 of Plaintiffs' Second Amended Complaint are denied.

96. Paragraph 96 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that foreign nationals incur various immigration and travel-related expenses incidental to coming to work in the United States. It is denied that Plaintiffs bore the full economic burden of those expenses. All other allegations contained in Paragraph 96 of Plaintiffs' Second Amended Complaint are denied.

97. Paragraph 97 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that foreign nationals incur various immigration and travel-related expenses incidental to coming to work in the United States. It is denied that Plaintiffs bore the full economic burden of those expenses. All other allegations contained in Paragraph 97 of Plaintiffs' Second Amended Complaint are denied.

98. Paragraph 98 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that foreign nationals incur various

immigration and travel-related expenses incidental to coming to work in the United States. It is denied that Plaintiffs paid their own travel expenses from Monterrey or Nuevo Laredo, New Mexico to Georgia. All other allegations contained in Paragraph 98 of Plaintiffs' Second Amended Complaint are denied.

99. Paragraph 99 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that foreign nationals incur various immigration and travel-related expenses incidental to coming to work in the United States. It is denied that Plaintiffs bore the full economic burden of those expenses. All other allegations contained in Paragraph 99 of Plaintiffs' Second Amended Complaint are denied.

100. Paragraph 100 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that foreign nationals incur various immigration and travel-related expenses incidental to coming to work in the United States. It is denied that Plaintiffs bore the full economic burden of those expenses. All other allegations contained in Paragraph 100 of Plaintiffs' Second Amended Complaint are denied.

101. Paragraph 101 of Plaintiffs' Second Amended Complaint is denied.

102. Paragraph 102 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that foreign nationals incur various immigration and travel-related expenses incidental to coming to work in the United

States and prior to entering the United States. It is denied that Plaintiffs bore the full economic burden of those expenses. All other allegations contained in Paragraph 102 of Plaintiffs' Second Amended Complaint are denied.

103.   Paragraph 103 of Plaintiffs' Second Amended Complaint is denied.

104.   Paragraph 104 of Plaintiffs' Second Amended Complaint is denied.

105.   Paragraph 105 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. In work weeks in which the hourly earnings for piece rate work was less than the AEWR, Defendant Hamilton Growers, Inc. paid the difference to its employees. All other allegations are denied.

106.   Paragraph 106 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. Defendants admit that they purchased produce from other producers on occasion, and deny the remaining allegations pled in paragraph 106 of the Second Amended Complaint.

107.   Paragraph 107 of Plaintiffs' Second Amended Complaint is denied.

108.   Paragraph 108 of Plaintiffs' Second Amended Complaint is denied.

109.   Paragraph 109 of Plaintiffs' Second Amended Complaint is denied.

110.   Paragraph 110 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. Defendants admit that employees may work in the packing shed for more than 40 hours in a single work week, but deny the allegation or implication that employees working in the packing shed repack outside produce

or that they are entitled to overtime under the FLSA, and deny the remaining allegations pled in paragraph 110 of Plaintiffs' Second Amended Complaint.

111.    Paragraph 111 of Plaintiffs' Second Amended Complaint is denied. Defendants deny that Plaintiffs' were entitled to receive one and a half times their regular rate of pay for hours worked over forty (40), and as a such, deny the allegations as pled in paragraph 111 of Plaintiffs' Second Amended Complaint.

112.    Paragraph 112 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Defendants were aware of and sought to comply with all State and Federal laws, including but not limited to the FLSA. All other allegations contained in Paragraph 112 of Plaintiffs' Second Amended Complaint are denied.

113.    Paragraph 113 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Defendants were aware of and sought to comply with all State and Federal laws, including but not limited to the FLSA. All other allegations contained in Paragraph 113 of Plaintiffs' Second Amended Complaint are denied.

114.    Paragraph 114 of Plaintiffs' Second Amended Complaint is denied.

**Terminations**

115.    Paragraph 115 of Plaintiffs' Second Amended Complaint is denied.

116.    Paragraph 116 of Plaintiffs' Second Amended Complaint is denied as pled.

117.    Paragraph 117 of Plaintiffs' Second Amended Complaint is denied as pled.

118.    Paragraph 118 of Plaintiffs' Second Amended Complaint is denied as pled.

<u>COUNT I</u>

<u>FAIR LABOR STANDARDS ACT - MINIMUM WAGE</u>

119.    Defendants incorporate as though fully set forth herein their answers to paragraphs 1 through 118 above.

120.    Paragraph 120 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiffs purport to set forth a claim on behalf of themselves and others for alleged violations of the FLSA. It is denied that Plaintiffs' claims have merit, and that they are entitled to any relief whatsoever. All other allegations contained in Paragraph 120 of Plaintiffs' Second Amended Complaint are denied.

121.    Paragraph 121 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiffs Ponce-Rubio and Reyes-Velez purport to set forth a claim for alleged violations of the FLSA during the 2011 season. It is denied that Plaintiffs' claims have merit, and that they are

entitled to any relief whatsoever. All other allegations contained in Paragraph 121 are denied.

122. Paragraph 122 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiffs Franco-Hernandez, Garcia-Martinez, Ponce-Rubio, Rodriguez-Contreras and the named opt-in Plaintiffs included in paragraph 122 purport to set forth a claim for alleged violations of the FLSA during the 2012 season. It is denied that Plaintiffs' claims have merit, and that they are entitled to any relief whatsoever. All other allegations contained in Paragraph 122 are denied.

123. Paragraph 123 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiffs Franco-Hernandez, Reyes-Velez, Rodriguez-Contreras, and the opt-in Plaintiffs named in paragraph 123 purport to set forth a claim for alleged violations of the FLSA during the 2013 season. It is denied that Plaintiffs' claims have merit, and that they are entitled to any relief whatsoever. All other allegations contained in Paragraph 123 are denied.

124. Paragraph 124 of Plaintiffs' Second Amended Complaint is denied.

125. Paragraph 125 of Plaintiffs' Second Amended Complaint is denied.

126. Paragraph 126 of Plaintiffs' Second Amended Complaint is denied.

127. Paragraph 127 of Plaintiffs' Second Amended Complaint is denied.

128. Paragraph 128 of Plaintiffs' Second Amended Complaint is denied.

## COUNT II

## FLSA - MAXIMUM HOURS

129.  Defendants incorporate as though fully set forth herein their answers to paragraphs 1 through 128 above.

130.  Paragraph 130 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiffs purport to set forth a claim on behalf of themselves and others for alleged violations of the FLSA seeking declaratory relief and damages. It is denied that Plaintiffs' claims have merit, and that they are entitled to any relief whatsoever. All other allegations contained in Paragraph 130 of Plaintiffs' Second Amended Complaint are denied.

131.  Paragraph 131 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiffs E. Ponce-Rubio and Antonio Reyes-Velez purport to set forth a claim for alleged violations of the FLSA during the 2011 season. It is denied that Plaintiffs' claims have merit, that this claim may be pursued by others allegedly "similarly situated" because Plaintiffs have not sought collective certification over this claim, and it is denied that Plaintiffs are entitled to any relief whatsoever. All other allegations contained in Paragraph 131 are denied.

132. Paragraph 132 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiffs Franco-Hernandez, Garcia-Martinez and Rodriguez-Contreras and the named opt-in Plaintiffs included in paragraph 132 purport to set forth a claim for alleged violations of the FLSA during the 2012 season. It is denied that Plaintiffs' claims have merit, that this claim may be pursued by others allegedly "similarly situated" or by "opt-in" Plaintiffs because Plaintiffs have not sought collective certification over this claim, and it is denied that Plaintiffs are entitled to any relief whatsoever. All other allegations contained in Paragraph 132 are denied.

133. Paragraph 133 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiffs Franco-Hernandez, Reyes-Velez and Rodriguez-Contreras and the named opt-in Plaintiff included in paragraph 133 purport to set forth a claim for alleged violations of the FLSA during the 2013 season. It is denied that Plaintiffs' claims have merit, that this claim may be pursued by others allegedly "similarly situated" or by "opt-in" Plaintiffs because Plaintiffs have not sought collective certification over this claim, and it is denied that Plaintiffs are entitled to any relief whatsoever. All other allegations contained in Paragraph 133 are denied.

134. Paragraph 134 of Plaintiffs' Second Amended Complaint is denied. Defendants deny that Plaintiffs' were entitled to receive one and a half times their

regular rate of pay for hours worked over forty (40), and as a such, deny the allegations as pled in paragraph 134 of Plaintiffs' Second Amended Complaint.

135.   Paragraph 135 of Plaintiffs' Second Amended Complaint is denied.

136.   Paragraph 136 of Plaintiffs' Second Amended Complaint is denied.

137.   Paragraph 137 of Plaintiffs' Second Amended Complaint is denied.

138.   Paragraph 138 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Defendants previously have been investigated by the Department of Labor and were aware of and sought to comply with all State and Federal laws, including but not limited to the FLSA. All other allegations contained in Paragraph 138 of Plaintiffs' Second Amended Complaint are denied.

139.   Paragraph 139 of Plaintiffs' Second Amended Complaint is denied.

## COUNT III

## BREACH OF CONTRACT

140.   Defendants incorporate as though fully set forth herein their answers to paragraphs 1 through 139 above.

141.   Paragraph 141 of Plaintiffs' Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiffs purport to set forth a claim on behalf of themselves and others for alleged breach of contract. It is denied that Plaintiffs' claims have merit, that they are entitled to pursue these claims on behalf of others

or as Opt-in Plaintiffs, and that they are entitled to any relief whatsoever. All other allegations contained in Paragraph 141 of Plaintiffs' Second Amended Complaint are denied.

## Compensation Claims

142.   Paragraph 142 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiffs E. Ponce Rubio, Reyes-Velez and the opt-in Plaintiffs named in paragraph 142 purport to set forth a claim on behalf of themselves for alleged breach of contract for the 2011 season. It is denied that Plaintiffs' claims have merit, that they are entitled to pursue these claims as Opt-in Plaintiffs, and that they are entitled to any relief whatsoever. All other allegations contained in paragraph 142 of Plaintiffs' Second Amended Complaint are denied.

143.   Paragraph 143 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiffs Franco-Hernandez, Garcia Martinez, E. Ponce Rubio, Rodriguez-Contreras and the opt-in Plaintiffs named in paragraph 143 purport to set forth a claim on behalf of themselves for alleged breach of contract for the 2012 season. It is denied that Plaintiffs' claims have merit, that they are entitled to pursue these claims as Opt-in Plaintiffs, and that they are entitled to any relief whatsoever. All other allegations contained in paragraph 143 of Plaintiffs' Second Amended Complaint are denied.

144. Paragraph 144 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiffs Franco-Hernandez, Reyes-Velez, Rodriguez-Contreras and the opt-in Plaintiffs named in paragraph 143 purport to set forth a claim on behalf of themselves for alleged breach of contract for the 2013 season. It is denied that Plaintiffs' claims have merit, that they are entitled to pursue these claims as Opt-in Plaintiffs, and that they are entitled to any relief whatsoever. All other allegations contained in paragraph 144 of Plaintiffs' Second Amended Complaint are denied.

145. Defendants show that the terms of the contracts alleged in paragraph 145 of the Second Amended Complaint speak for themselves, and as such, deny the allegations as pled in paragraph 145 of the Second Amended Complaint.

146. Paragraph 146 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiffs worked pursuant to the contracts referenced in paragraph 146 of the Complaint. All other allegations contained in paragraph 146 of Plaintiffs' Second Amended Complaint are denied.

147. Paragraph 147 of Plaintiffs' Second Amended Complaint is denied.

148. Paragraph 148 of Plaintiffs' Second Amended Complaint is denied.

149. Paragraph 149 of Plaintiffs' Second Amended Complaint is denied.

## Termination Claims

150.   Paragraph 150 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that opt-in Plaintiffs Avila-Perez, Badillo-Morales, Mata-Chavez and Porfirio-Martinez purport to set forth a claim on behalf of themselves for alleged breach of contract for the 2012 season. It is denied that Plaintiffs' claims have merit, that they are entitled to pursue these claims as Opt-in Plaintiffs, and that they are entitled to any relief whatsoever. All other allegations contained in paragraph 150 of Plaintiffs' Second Amended Complaint are denied.

151.   Defendants show that the terms of the contracts alleged in paragraph 151 of the Second Amended Complaint speak for themselves, and as such, deny the allegations as pled in paragraph 151 of the Second Amended Complaint.

152.    Paragraph 152 of Plaintiffs' Second Amended Complaint is admitted in part and denied in part. It is admitted that Plaintiffs worked pursuant to the contracts referenced in paragraph 152 of the Complaint. All other allegations contained in paragraph 152 of Plaintiffs' Second Amended Complaint are denied.

153.   Paragraph 153 of Plaintiffs' Second Amended Complaint is denied.

154.   Paragraph 154 of Plaintiffs' Second Amended Complaint is denied.

155.   Paragraph 155 of Plaintiffs' Second Amended Complaint is denied.

156. Any allegations in the Second Amended Complaint not heretofore answered, qualified, or denied are here and now denied as though set forth specifically and denied.

## PRAYERS FOR RELIEF

To the extent that any answer is required to Plaintiffs' Prayers for Relief, it is denied that Plaintiffs are entitled to any relief whatsoever.

**WHEREFORE,** the Defendants in the above-referenced civil action respectfully request that this Court:

1.     Dismiss with prejudice Plaintiffs' Complaint;

2.     Award Defendants their reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988 or otherwise; and

3.     Award any and all other relief to Defendants that this Court may deem necessary and proper.

Respectfully submitted this 9th day of January, 2015.

**FREEMAN MATHIS & GARY, LLP**

/s/ Benton J. Mathis, Jr.
Benton J. Mathis, Jr.
Georgia Bar No. 477019
Martin B. Heller
Georgia Bar No. 360538

Attorney for Defendants

100 Galleria Parkway
Suite 1600
Atlanta, Georgia   30339-5948
T:   770.818.0000
F:   770.937.9960
E: [bmathis@fmglaw.com](mailto:bmathis@fmglaw.com)
E: [mheller@fmglaw.com](mailto:mheller@fmglaw.com)

ERENDIDA FRANCO-HERNANDEZ,      )
YADIRA GARCIA-MARTINEZ,         )
ESMERALDA PONCERUBIO,           )
ANTONIA REYES-VELEZ, IDALIA     )
RODRIGUEZ-CONTRERAS and all others )
similarly situated,             )
                                )
            *Plaintiffs*,       )
                                )       CIVIL ACTION
      v.                        )       NO. 7:14-CV-62(HL)
                                )
SOUTHERN VALLEY FRUIT &         )
VEGETABLE, INC.; HAMILTON       )
GROWERS, INC.; KENT HAMILTON;   )
HAMILTON FARMS MEX, L.P.;       )
HAMILTON PRODUCE, L.P.; KENDA   )
PROPERTIES, L.P.; WK HOLDINGS,  )
LLC; WK MEX PROPERTIES, L.P.; and )
WKW, LLC,                       )
                                )
            *Defendants*.       )
_____)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing **ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Dawson Morton
Lisa Krisher
Georgia Legal Services Program, Inc.

Eunice H. Cho
James M. Knoepp
Southern Poverty Law

This 9th day of January, 2015.

**FREEMAN MATHIS & GARY, LLP**

/s/ Benton J. Mathis, Jr.
Benton J. Mathis, Jr.
Georgia Bar No. 477019
Martin B. Heller
Georgia Bar No. 360538

Attorney for Defendants

100 Galleria Parkway
Suite 1600
Atlanta, Georgia   30339-5948
T:   770.818.0000
F:   770.937.9960
E: bmathis@fmglaw.com
E: mheller@fmglaw.com