IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ERENDIDA FRANCO-HERNANDEZ, et al., and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>SOUTHERN VALLEY FRUIT & VEGETABLE, INC., et al.,<br><br>  Defendants. | Civil Action No. 7:14-CV-62 (HL) |

ORDER

Before the Court is Plaintiffs' Motion for Conditional Certification of a FLSA Collective Action. (Doc. 18). For the following reasons, Plaintiffs' motion is granted.

**I.   BACKGROUND**[1]

The Plaintiffs in this case are temporary agricultural guest workers admitted into the United States from Mexico under the H-2A visa program for the purpose of performing agricultural work at Defendants' farms in and around Colquitt County, Georgia in 2011, 2012, 2013. In order to participate as an employer under the H-2A program, Defendants were required to file a temporary

---

[1] Subsequent to the filing of Plaintiffs' motion for conditional class certification, Plaintiffs filed their Second Amended Complaint with the Consent of Defendants. (Doc. 60). The facts as set forth here are those as alleged in the most recent complaint.

labor certification with the United States Department of Labor ("DOL") and to include a job offer, or "job order." 20 C.F.R. §§ 655.133 and 655.130. The job order, which constitutes the employment contract, contains the terms of employment. 20 C.F.R. §§ 655.103(b) and 655.122. In the requisite job orders, Defendants promised any worker hired by Defendants at least the Adverse Effect Wage Rate ("AEWR"), which was $9.12 in 2011, $9.39 in 2012, and $9.78 in 2012. Defendants likewise promised to pay wages without deduction of items for the employer's benefit or without reducing an employee's wages by shifting costs to the employer. The contract also agreed that workers would be reimbursed for travel costs as required by 20 C.F.R. § 655.122(h).

In Count I of their Second Amended Complaint, Plaintiffs allege that in 2011, 2012, and 2013, Defendants breached the terms of the job orders submitted to the DOL and provided to Plaintiffs and others similarly situated and willfully violated the Fair Labor Standards Act ("FLSA") by failing to reimburse Plaintiffs various immigration and travel-related expenses, including visa and processing fees in excess of $150 per season, lodging and subsistence expenses, bus fare, and border patrol fees incurred during the journey from Mexico to Defendants' place of business in Georgia. Plaintiffs allege that when these expenses were subtracted from their first week's pay, as required by law, Plaintiffs' and other similarly-situated employees' earnings were near or below zero, falling below the required average minimum wage for the relevant pay

period. Plaintiffs further allege violations of the FLSA based on Defendants' practice of paying Plaintiffs' and other employees based on the quantity of produce harvested or packed.

## II. DISCUSSION

Plaintiffs request conditional class certification for all H-2A workers employed by Defendants in 2011, 2012, and 2013. Plaintiffs additionally move the Court to (1) approve for distribution the proposed collective action notice attached as Exhibit A to Plaintiffs' Memorandum of Law; (2) order Defendants to produce the names and last known permanent addresses of all workers employed under the terms of the H-2A job orders in 2011, 2012, and 2013; (3) require Defendants to post the collective action notice in the worker housing barracks and dining hall; and (5) grant Plaintiffs' counsel five (5) months from the date by which Defendants produce the names and address for distribution of the court-approved notice to potential opt-in Plaintiffs.

### A. FLSA Conditional Class Certification Standard

The collective action provisions of the FLSA permit employees to bring claims on behalf of themselves and others who are similarly situated. 29 U.S.C. § 216(b). Unlike a class action suit filed under Federal Rule of Civil Procedure 23, which requires those who do not desire to be a member of the class to opt-out, employees who wish to participate in a collective action pursuant to Section 216(b) must affirmatively opt-in and consent in writing to becoming a party. Id.;

Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1216 (11th Cir. 2001); see also Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1249 (11th Cir. 2003).

The decision to grant a class conditional certification rests within the sound discretion of the district court. Anderson v. Cagle's, Inc., 488 F.3d 945, 951 (11th Cir. 2007). The Eleventh Circuit in Hipp described in detail its approved a two-tiered approach for class certification:

> "The first determination is to be made at the so-called 'notice stage.' At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class. If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.' The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives – i.e. the original plaintiffs – proceed to trial on their individual claims."

Hipp, 252 F.3d at 1218 (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

This case remains in the notice phase. While discovery in the case commenced in mid-October, 2014 (Doc. 52), at the time Plaintiffs filed their motion for class certification, Defendants had not yet even been served with a copy of Plaintiff's original or amended complaint. Plaintiffs' also filed their reply brief to Defendants' response in opposition to the motion on October 3, 2014, the same date the parties were required to make their Rule 26(a) initial disclosures. Defendants argue that based on their submission of limited self-generated payroll information relating to some of the purported class members that a heightened and less lenient standard applies. See Ide v. Neighborhood Rest. Partners, LLC, 2014 U.S. Dist. LEXIS 102486, at *10-11 (N.D. Ga. July 8, 2014) (quoting Davis v. Charoen Pokphand (USA), Inc., 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004) ("The rationale for the 'fairly lenient standard' [at the notice stage] . . . disappears, however, once plaintiffs have had an opportunity to conduct discovery with respect to defendant's policies and procedures."); see also Ledbetter v. Pruitt Corp., 2007 U.S. Dist. LEXIS 10243, at *2 (M.D. Ga. Feb. 12, 2007) (finding that a motion for conditional class certification filed two weeks after the close of discovery was "in a different procedural posture than that envisioned by Hipp, and therefore a more searching standard of review is appropriate."). The Court disagrees and finds the posture of this case distinguishable from the cases cited

5

by Defendants, where the parties either had completed discovery, or at least at the opportunity to conduct thorough discovery, prior to the filing of motion for class certification. The limited payroll documentation included by Defendants in response to Plaintiffs' motion does not in this Court's opinion justify an amplification of the lenient Hipp standard.

Accordingly, the Court's decision whether to grant conditional certification shall be based on the pleadings and affidavits submitted by the parties, and a more flexible standard applies. Id. At this stage, the district court is called upon to determine: 1) whether there are other employees who wish to opt-in to the action; and 2) whether those employees are "similarly situated." Dybach v. Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991).

### 1. Opt-in employees

In order to satisfy the first requirement, Plaintiffs must affirmatively demonstrate that other employees wish to opt-in. Id. Typically, this requirement is met through affidavits of opt-in employees, consent to sue forms, and expert evidence about the existence of other similarly situated employees. Davis, 303 F. Supp. 2d at 1277. The Court finds it clear that other employees wish to opt-in to this litigation. This case was initiated by five original Plaintiffs. As of this date, eleven additional employees have filed consent to sue forms. (Docs. 5, 19, 30, 55, 56). Plaintiffs additionally have presented the affidavits of Idalia Rodriguez-Contreras (Doc. 18-3) and opt-in Plaintiff Alejandro Nava Hernandez (Doc. 18-4),

both of who describe the same FLSA violations alleged by the other Plaintiffs in their complaint.

### 2. Similarly situated

Plaintiffs next must establish that they are similarly situated to the proposed class members. In order to create an opt-in class under § 216(b), the named plaintiffs must show that they are suing on behalf of themselves and other "similarly situated" employees. Hipp, 252 F.3d at 1217. Plaintiffs must illustrate that their positions are similar, not identical, to positions held by putative class members. Id. (quoting Grayson v. K-Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996)). The FLSA does not define how similar the employees must be, nor has the Eleventh Circuit adopted a precise definition of "similarly situated." Morgan v. Family Dollar Stores, 551 F.3d 1233, 1259 (11th Cir. 2008). Rather, the Eleventh Circuit has described the standard for determining similarity as "not particularly stringent," "fairly lenient," "flexible," "not heavy," and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b). Id. at 1260-61 (internal citations omitted). Still, there must be more than "only counsel's unsupported assertions that FLSA violations [were] widespread and that additional plaintiff would come" forward. Haynes v. Singer Co., 696 F.2d 884, 887 (11th Cir. 1983).

The Court is satisfied that Plaintiffs have made the necessary showing that the proposed class members are "similarly situated." Plaintiffs and the purported


both of who describe the same FLSA violations alleged by the other Plaintiffs in their complaint.

### 2. Similarly situated

Plaintiffs next must establish that they are similarly situated to the proposed class members. In order to create an opt-in class under § 216(b), the named plaintiffs must show that they are suing on behalf of themselves and other "similarly situated" employees. Hipp, 252 F.3d at 1217. Plaintiffs must illustrate that their positions are similar, not identical, to positions held by putative class members. Id. (quoting Grayson v. K-Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996)). The FLSA does not define how similar the employees must be, nor has the Eleventh Circuit adopted a precise definition of "similarly situated." Morgan v. Family Dollar Stores, 551 F.3d 1233, 1259 (11th Cir. 2008). Rather, the Eleventh Circuit has described the standard for determining similarity as "not particularly stringent," "fairly lenient," "flexible," "not heavy," and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b). Id. at 1260-61 (internal citations omitted). Still, there must be more than "only counsel's unsupported assertions that FLSA violations [were] widespread and that additional plaintiff would come" forward. Haynes v. Singer Co., 696 F.2d 884, 887 (11th Cir. 1983).

The Court is satisfied that Plaintiffs have made the necessary showing that the proposed class members are "similarly situated." Plaintiffs and the purported

class members were all farmworkers employed under the terms of the same written job orders. They had the same job title, performed similar work planting harvesting, or packing produce, were paid by Defendants under the same pay scheme, and allegedly suffered the same FLSA violations. Defendants attempt to distinguish the claims of Plaintiffs based on allegations that some Plaintiffs received partial reimbursement and others none at all. Taking into account the lenient standard applicable in determining whether to grant class certification, the Court does not agree that this distinction destroys the similarity requirement. The Court further finds based on the affidavits supplied by one of the named Plaintiffs and one of the opt-in Plaintiffs sufficiently establishes a reasonable basis for Plaintiffs' claims that the alleged FLSA violations were classwide.

Defendants additionally argue that conditional class certification is inappropriate because all of the named and opt-in Plaintiffs currently participating in this litigation were fully reimbursed for all of their inbound travel and visa expenses. (Doc. 43, p. 5). Accordingly, Plaintiffs' claims are moot, and they are not entitled to any form of relief. In support of this assertion, Defendants attached self-generated payroll documents. Plaintiffs responded to Defendants' arguments by producing additional affidavits and paystubs received by two of the named Plaintiffs and two opt-in Plaintiffs that directly contradict the evidence produced by Defendants and document noticeable inconsistencies in the record keeping.

It is not clear to the Court at this juncture whether or not any of the Plaintiffs were, in fact, reimbursed or partially reimbursed for their travel or visa expenses. The documents put forth by the parties do not appear to be in accord. The issue of payment is at the heart of this case, and it is a factor that will be more thoroughly developed in discovery so that the Court later may make a more sound determination about how any alleged payment impacts certification if Defendants later move for decertification.

**B.  Proposed Class and Authorization of Notice of Lawsuit**

Plaintiffs seek conditional certification for a proposed FLSA class consisting of: "All individuals employed by Defendants under the terms of the 2011, 2012, or 2013 H-2A contracts." (Doc. 18). Defendants contend that the proposed class is overbroad and must be limited only to those claims cognizable under the FLSA. (Doc. 43, p. 11). Specifically, Defendants state that the class should be restricted to include only Plaintiffs who allegedly were not reimbursed inbound travel expenses and should exclude any potential claims for return expenses.

Defendants rely on Arriaga v. Florida Pacific Frams, LLC, 305 F.3d 1288 (11th Cir. 2002) in support of their position, arguing that the Eleventh Circuit's decision in that case has been applied to require reimbursement under the FLSA only for inbound travel expenses. Arriaga explains that if an expense incurred by the H–2A worker is determined to be "primarily for the benefit of the employer,"

9

the employer must reimburse the employee during the first workweek in which the expense arose up to the amount needed to comply with the federal minimum wage laws. 305 F.3d at 1237. Expenses deemed "primarily for the benefit of the employer" may include transportation costs from the worker's home country to the place of employment, visa costs, visa application fees, and immigration fees for entry documents. Id. at 1242, 1244. However, the federal regulations also require employers to pay outbound travel expenses for workers who complete the work contract period. 20 C.F.R. § 655.122(h)(2). The Court therefore finds it would be inappropriate to limit the bounds of the class. If post-discovery redefinition of the class becomes necessary, Defendants may file an appropriate motion to decertify the class.

The Court approves for distribution the proposed notice. Defendants shall have two weeks from the entry of this Order to produce the full names and permanent address for all workers whom Defendants employed under the terms of an H-2A job order in 2011, 2012, and 2013. Plaintiffs' counsel shall have five (5) months from the entry of this Order to distribute the approved notice and file opt-in Plaintiffs' consent to sue forms. Finally, Defendants shall post the approved notice at their worker housing barracks and dining hall.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification (Doc. 18) is granted, and the Court approves for distribution the proposed notice.

Within two weeks from the date of this Order, Defendants shall produce to Plaintiffs the full names and permanent address for all workers whom Defendants employed under the terms of an H-2A job order in 2011, 2012, and 2013. Plaintiffs' counsel shall have five (5) months from the entry of this Order to distribute the approved notice and file opt-in Plaintiffs' consent to sue forms. Finally, Defendants shall post the approved notice at their worker housing barracks and dining hall.

**SO ORDERED** this 5th day of February, 2015.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks