# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| ERENDIDA FRANCO-HERNANDEZ, et al., and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>SOUTHERN VALLEY FRUIT & VEGETABLE, INC., et al.,<br><br>  Defendants. | Civil Action No. 7:14-CV-62 (HL) |

## ORDER

The following motions are before the Court: (1) Plaintiffs' Motion to Compel Subpoena Response from Brenda Palomares (Doc. 87); (2) Plaintiffs' Motion to Compel Subpoena Response from Fermin Palomares (Doc. 96); (3) Defendants' Motion for Protective Order (Doc. 105); (4) Plaintiffs' Motion to Compel Response to Requests for Production from Defendant Kent Hamilton (Doc. 109); (5) Plaintiffs' Motion for Leave to File FLSA Opt-in Consent Forms Under Seal and Subject to a Confidentiality Order (Doc. 97); and (6) Plaintiffs' Motion to for Extension of Time to Complete Discovery (Doc. 131). The Court heard each of these motions on July 1, 2015. This Order memorializes the Court's rulings made during the hearing.

## I. PLAINTIFFS' MOTION TO COMPEL SUBPOENA RESPONSES FROM BRENDA PALOMARES (DOC. 87) AND FERMIN PALOMARES (DOC. 96)

On March 3, 2015, Plaintiffs' served Brenda Palomares, a packing shed supervisor at Defendants' farm, and Fermin Palomares, a field supervisor at Defendants' farm, with subpoenas requesting numerous documents, including personal bank account and telephone account information; paystubs and tax returns; information relating to the recruitment of workers to Defendants' farm; check cashing policies; in-store, in-filed, or packing shed sales records; records for production or hours worked; and records relating to travel reimbursements to workers. Both individuals, unrepresented by counsel, responded to Plaintiffs' subpoena in writing, indicating that they possessed none of the requested documentation. Plaintiffs' counsel replied by letter dated March 19, 2015, telling Brenda Palomares and Fermin Palomares that their respective responses were deficient. Receiving no further communication, Plaintiffs' filed a motion to compel the Palomares' responses.

Plaintiffs have not yet deposed either Brenda Palomares or Fermin Palomares. Plaintiffs did subpoena and receive records from the one account held by Brenda Palomares that is known to Plaintiffs. Plaintiffs postulate that Ms. Palomares maintains additional bank accounts and ask that those accounts be identified promptly.

Ms. Palomares, through counsel, represented to the Court that she has inquired about getting her bank records. However, the bank advised her that the records will cost $600-700 to produce, which presents a hardship to Ms. Palomares. She agrees to provide written consent for Plaintiffs to obtain whatever records they wish at their expense.

The Court believes there is merit in Plaintiffs' deposing the Palomares. Recognizing that there is value in narrowing the focus of what documents need to be produced either in preparation for or in response to any deposition, the Court instructs counsel for the Palomares to meet with their clients and to determine what is subject to production and then to identify that information for Plaintiffs' counsel. The Palomares agree to identify the names of the banks and telephone providers and to provide Plaintiffs' with a written consent so that Plaintiffs' attorney can then obtain the documents at Plaintiffs' expense. The Court instructs that within ten (10) days of the hearing, the Palomares are to identify not only documents they have or that they can authorize Plaintiffs' to obtain but any and all material to which they have access. To the extent that Plaintiffs' subpoena requests the Palomares to produce documents presumed to be within Defendants' control, the Court reserves ruling. It is the Court's position that Plaintiffs' have made a sufficient showing to satisfy the Court as to the propriety of the discovery requests. The Court's expectation is that the Palomares will produce everything Plaintiffs request that is in their power to

produce. Should additional issues arise, the Court will deal with them as they come to the Court's attention.

## II. DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DOC. 105)

Defendants' seek a protective order preventing Plaintiffs' from enforcing a subpoena issued to third-party Agworks, Inc. on April 29, 2015. The subpoena pursues the production of documents from Agworks, Inc., Agworks H2, LLC, Dan Bremer, and all employees, officers, agents, servants, attorneys, investigators, contractors, experts, technicians, and other persons acting on their behalf or in partnership with them (collectively referred to as "Agworks"). Specifically, Plaintiffs request invoices for work performed by Agworks on behalf of Defendants, including preparing "job orders", scheduling visa appointments, and recruiting workers; contracts entered into by Agworks and Defendants; documents detailing advice provided to Defendants regarding compliance with laws, regulations, and contractual requirements; any documents prepared in the scope of completing H-2A worker applications; correspondence relating to H-2A workers recruited to work for Defendants.

Defendants contend that the requests articulated by Plaintiffs are overly broad, irrelevant, and beyond the scope of discovery and that Plaintiffs' subpoena amounts to nothing more than a fishing expedition. Prior to filing the present motion for protective order, counsel for Defendants communicated with Plaintiffs' counsel in an effort to limit the scope of the subpoena and to tailor the

requests to Plaintiffs' primary objectives in obtaining the documents: (1) to procure additional contact information for putative plaintiffs; and (2) to gather additional documentation relevant to Plaintiffs' and putative Plaintiffs' travel expenses. Plaintiffs' counsel declined to limit the subpoena and now argues that in addition to seeking information about contact information and travel reimbursement information, Plaintiffs desire the requested documents to establish joint employment and enterprise liability. Plaintiffs' further contend that Agworks may have within its custody and control certain documents relating to a Department of Labor investigation into Defendants' farming operation that concerns some of the same types of allegations raised by Plaintiffs in this case. Defendants' motion is granted in part and denied in part.

At the outset, the Court notes that where the production of documents is concerned, the Court's philosophy is that the documents need to be produced before any determination can be made about relevance. The Court shall decide what is and is not relevant, not the parties.

The Court agrees that Paragraph One of the subpoena is overbroad. Plaintiffs first request to Agworks shall be limited to the production of any and all invoices for work performed for Defendants relating to the preparation of job orders, scheduling visas, recruiting workers, and other H-2A services or consulting, and anything reflecting the value of reimbursements claimed by Plaintiffs.

Paragraph Two, which requests documents pertaining to agreements and contracts between Agworks and Defendants shall be limited to any documents that relate to the production of information under Paragraph One.[1]

In Paragraph Three, Plaintiffs ask for any documents evidencing counseling or advice provided to Defendants, such as Defendants' responsibility to remit reimbursements and other obligations under the Fair Labor Standards Act. Defendants respond that they have not relied on Agworks' advice and that to the extent Plaintiffs plan to rely on this information to illustrate Defendants' alleged willfulness, the request is premature. Again, noting the Court's philosophy of resolving questions of production in favor of production, the Court denies Defendants' motion for protective order and orders the production of documents under Paragraph Three of the subpoena.

Paragraph Four seeks any correspondence between Agworks and Defendants related to the job orders. Upon consideration of the Court's prior position on production, Defendants withdraw any objection to this paragraph. Agworks accordingly is ordered to respond.

---

[1] To the extent that Paragraph Two tends to identify information that may address any ongoing dispute about joint employer or enterprise liability, Defendants now concede that all the named Defendants are joint employers for the purposes of this litigation. Defendants believe that they have a legal defense in that regard but are withdrawing that particular defense to conserve costs. Ultimately, the parties agree that Paragraph Two is no longer relevant.

Plaintiffs explain that the documents requested in Paragraph Five go to Plaintiffs' hiring and termination claims. Defendants point out that Plaintiffs have identified only one individual with a possible termination claim. Defendants therefore ask the Court to limit any production under Paragraph Five to that one worker. Plaintiffs object to the limitation, noting that any relevant correspondence regarding terminations likely will not identify any worker by name. The Court denies Defendants' motion for protective order as to Paragraph Five. Agworks is ordered to produce the requested documents.

### III. PLAINTIFFS' MOTION TO COMPEL RESPONSE TO REQUESTS FOR PRODUCTION FROM DEFENDANT KENT HAMILTON (DOC. 109)

Plaintiffs move to compel Defendant Kent Hamilton's production of documents in response to Requests to Produce Nos. 1, 2, 3, 4, 8, and 9. Plaintiffs' motion is granted in part, denied in part, and moot in part.

#### A. Request to Produce No. 1

Plaintiffs' first request for production seeks all documents containing contact information for all H-2A workers employed by Defendants in 2011, 2012, and 2013. Specifically, Plaintiffs seek the production of the workers' I-9 forms. Defense counsel represents to the Court that he has reviewed all of the I-9 forms and confirmed that the only addresses listed on the forms is the employer's address in Georgia. Defendants further express concern that if ordered to

produce the I-9 forms, Plaintiffs' counsel will provide the documents to immigration services to scour through.

Plaintiffs' motion to compel the production of the I-9 forms is granted. Defendants are ordered to produce the forms. Plaintiffs' use of the I-9 forms shall be strictly limited to this case. Information garnered from the forms shall not be divulged to any person or entity not involved in this matter.

Plaintiffs' request to produce also asks for contact information for labor crew workers. Defendants' object to the production of this information, arguing that the individuals whose contact information Plaintiffs' seek to procure are not a part of this collective action. They are not employed by Defendants but rather are contracted through a labor contractor to perform work for Defendants. Plaintiffs point out that these contract laborers performed the same work as Plaintiffs under the same supervisors.

Defendants' objection is overruled. Defendants are to produce the requested contact information.

### B. Request to Produce No. 2

Plaintiffs' second request to produce seeks documents pertaining to the recruitment, hiring, or referral of H-2A workers in 2011, 2012, and 2013, including correspondence, e-mails, contracts, and agreements. Plaintiffs are also seeking information concerning the process by which workers are recruited.

Plaintiffs have identified the following individuals who they believe were involved in the recruitment process and whose e-mails they wish to obtain: Colene Flowers; Kent Hamilton; Brenda Palomares; Fermin Palomares; Dana Ward Tillery; Courtney Hamilton; Steve Mathis; Wanda Hamilton; and other individuals who work in the office with Colene Flowers.

Defendants are ordered to produce e-mail correspondence from or to these identified persons. The parties have agreed to a reduced list of search terms that may be used to identify the pertinent correspondence.

Another element of Plaintiffs' request to produce involves certain spreadsheets and payroll data. According to Defendants' these documents were lost as a result of a lightning strike in 2012 that impacted Defendants' server. The Court cannot order the production of something that no longer exists.

C. **Request to Produce No. 3**

Plaintiffs' third request for production asks for timekeeping and payroll information for both supervisors and workers employed by Defendants in 2011, 2012, and 2013. Plaintiffs seek payroll and timekeeping records for day laborers, contract employees, independent contractors performing field or packing shed work, field supervisors, H-2A workers, non H-2A field, packing, or shipping workers, and farm labor contractors.

The parties do not dispute that the timekeeping database made available to Plaintiffs a week prior to the hearing is incomplete. Defense counsel has been

in communication with Plaintiffs' counsel regard this issue and acknowledges the problem. It will be resolved.

The primary difficulty the parties have encountered in the production of payroll information is in how to restrict access to Defendants' database such that Plaintiffs are able to search for individuals who may qualify as putative plaintiffs without granting the Plaintiffs' access to the full gamut of people employed by Defendants' farming operation. Defendants argue that Plaintiffs' access should be limited to those people who are actually Plaintiffs in this case. Plaintiffs object. Plaintiffs purpose in procuring information for supervisors, bus drivers, labor crew workers, etc., is to compare individuals working within a particular crew and to examine those workers paid on an hourly basis as opposed to a piece basis. Plaintiffs want the entire database produced.

Plaintiffs' request to produce the entire database is denied. Plaintiffs are entitled only to the H-2A information.

### D. Request to Produce No. 4

Plaintiffs' fourth request to produce seeks paper records of the time people worked in the fields. Defendants state they do not retain the paper documents. Plaintiffs may depose Defendants to inquire further about these records; but, regardless of Plaintiffs' contention that the law requires record retention, the Court cannot order Defendants to produce something that does not exist.

### E. Request to Produce No. 8

In their eighth request to produce, Plaintiffs demand the production of documents recording receipt, storage, purchase, or shipment of any outside produce for 2011, 2012, and 2013. Plaintiffs assert an overtime claim. An element of that claim involves showing that because Defendants handled so much outside produce, Defendants lost the benefit of the agricultural exemption of the Fair Labor Standards Act. Each week Defendants run outside produce, they lose their exemption and owe overtime.

Defendants contend that they have already produced all documentation in their possession relating to outside produce. While Defendants may be able to run a report in a different way, in the end the results are the same as those previously produced to Plaintiffs. Defendants' position is that while Plaintiffs claim to have found another type of report, the report itself contains the same information presented in a different format.

Plaintiffs explain that there are other documents relating to the shipment of outside produce that they wish Defendants to produce, such as a bill of laden. Defendants respond that those particular records are not readily available. The documents are in storage.

To the extent that the shipment documents exist, Defendants are ordered to make them available to Plaintiffs. Defendants are ordered to produce all other

documentation related to outside produce and identified by Plaintiffs at the hearing, including produce trouble reports and resolution documents.

### F. Request to Produce No. 9

Plaintiffs' ninth request to produce includes correspondence, contracts, and pay records evidencing the relationships among the various Defendants. Defendants have conceded their claims involving joint employer and enterprise liability. Accordingly, Plaintiffs' motion to produce these documents is now moot.

## IV. PLAINTIFFS' MOTION FOR LEAVE TO FILE FLSA OPT-IN CONSENT FORMS UNDER SEAL AND SUBJECT TO A CONFIDENTIALITY ORDER (DOC. 97)

Plaintiffs move the Court to enter an order pursuant to Local Rule 5.4(c) permitting certain opt-in plaintiffs to file their consent forms under seal for attorneys' eyes only. Plaintiffs express concern that if Defendants learn the identities of these individuals, the workers will be subject to retaliation in the form of termination, loss of immigration status, and ability to return to this county for future employment.

Plaintiffs' motion is denied.

## V. PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY (DOC. 131)

In their final motion, Plaintiffs request the Court to extend the discovery deadline and all related deadlines by sixty (60) days. Discovery currently is set to close on August 8, 2015. Rather than an extension, Defendants suggest that the

Court stay discovery to allow for the production of documents and talks of resolution and possibly mediation.

The Court grants Plaintiffs' motion. Discovery shall be extended to October 7, 2015. The Court will grant no further extensions.

## VI. CONCLUSION

The Court accordingly orders the following:

1. Plaintiffs' Motion to Compel Subpoena Response from Brenda Palomares (Doc. 87) and Fermin Palomares (Doc. 96) is granted.

2. Defendants' Motion for Protective Order (Doc. 105) is granted in part and denied in part.

3. Plaintiffs' Motion to Compel Response for Requests for Production from Defendant Kent Hamilton (Doc. 109) is granted in part, denied in part, and moot in part.

4. Plaintiffs' Motion for Leave to File FLSA Opt-In Consent Forms Under Seal Subject to Confidentiality Order (Doc. 97) is denied.

5. Plaintiffs' Motion for Extension of Time to Complete Discovery (Doc. 131) is granted. The parties shall have until October 7, 2015 to complete discovery.

**SO ORDERED** this 21st day of July, 2015.

*s/ Hugh Lawson*  
**HUGH LAWSON, SENIOR JUDGE**

aks